Lloyd Highland, 1517; L. E. Wideman, 1518; Susie P. Highland, 1519; Henry Nevin, 1520; Charles J. McLaughlin, Marie McGrath, Genevieve Roth, Ann Meagher, Margaret Meagher, and Catherine McLaughlin, 1530; Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed March 12, 1930.*

Tom W. Smurr, for claimants.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

By stipulation of the parties these claims have been consolidated.

The declarations are all substantially the same. Each of them alleges the claim arises out of damages to growing crops during the years 1926 and 1927 and subsequent thereto, such damage being caused by the diversion of water out of its

natural course upon and across the claimants' land, and the destruction of the outlet of certain tile drains; and that such diversions of water and destruction of the outlets resulted from the acts of the defendant, through its servants, in constructing State Route No. 7. Each declaration further alleges that in August, 1926, the servants of the defendant obstructed the flow of the water in a natural water course and blocked and filled the same by depositing therein trees and tree trunks, brush and dirt and other obstructions, thereby preventing the water from flowing in its natural course and causing it to flow upon and flood and submerge the crops of claimants and destroy the same. It is also charged in each declaration that the outlet of a certain tile drain was obstructed and the tile in the drain broken and damaged whereby the drainage of the land of claimant was impeded and obstructed and the land rendered less productive. Lloyd Highland claims $500.00 damages, L. E. Wideman $1,500.00, Susie P. Highland $1,500.00, Henry Nevin $1,000.00, and Charles J. McLaughlin, et al. $1,000.00.

These claims are based upon the theory that the State is liable for the torts of its officers, agents and employees. No government is liable for the malfeasance or misfeasance of its officers or agents in the absence of a statute expressly making it so liable. This principle of law is so well settled that citation of authorities is not deemed necessary. Claimants seem to entertain the view that the State is governed by the same rules and principles of law as individuals, cities and villages, and corporations created for profit, and have cited many authorities holding individuals, corporations, cities and villages liable for damages caused by the torts of the agents of such persons and municipalities; but those cases have no application to these claims. Every private person who, by his wrongful act, causes injury to another is liable to respond in damages for such injury; and a corporation is also liable for the damages caused by the wrongful conduct of its agents and servants. Cities and villages may also be held liable for the torts of their agents and servants in certain cases. But cities and villages are voluntary municipalities created by the action of their inhabitants. When the people of a given community by their action voluntarily organize that community into a city or village the municipality thus created becomes clothed with certain powers and burdened with certain obli-

gations. It is not an involuntary municipality, such as towns and counties, created for governmental purposes. It has many rights and powers conferred upon it by law such as the right to improve its streets by special assesments or special taxation, the right to own and operate public utilities, and many others not enjoyed by involuntary municipalities. With these rights is coupled certain duties and obligations such as the duty to maintain its streets in a reasonably safe condition for travel and the liability to pay any damage caused by the neglect to do so. But neither the State, nor any subdivision of the State for governmental purposes, is liable for damages caused by the failure of any officer to keep the highways in a safe condition for travel or for any damages caused by the negligence of any officer in repairing or constructing any highway, unless there be a statute making the State, or such subdivision thereof, liable for such negligence. The person damaged by the negligence of such officer is not without remedy, however. The negligence is not the negligence of the State, or subdivision thereof, but of the individual performing the act causing the injury, and such individual is liable for any damage his wrongful act may have caused. If the contractor who constructed Route 7 did obstruct the natural flow of the water in a water course, as charged in these declarations, by placing trees, brush and other things therein, and thereby caused damage to the crops of claimants, and if he broke and destroyed their tile, he is liable for such damage as his acts caused, and claimants had a remedy against him for such damage. But his wrongful acts will not be imputed to the State in the absence of a statute making the State liable for them. The immunity of the State, however, does not relieve its agents from responsibility for their trespasses or torts upon the rights of citizens. (25 R. C. L., sec. 50, p. 413). These principles of law have been many times announced by this court and by our supreme court. (See *Peterson* v. *State*, No. 1126 and 1127; *Theiler* v. *State*, Nos. 1413, 1414 and 1415 consolidated; *Braun* v. *State* No. 1281; *Tuttle* v. *State*, 5 Ct. Cl. 3; *Heiss* v. *State*, 5 Ct. Cl. 298; and cases cited in those opinions).

It is urged by claimants that the constitution provides their property shall not be taken or damaged for public use without just compensation and they are therefore entitled to an award for their alleged damages. Claimants were not

required to stand by and allow the agents of the State to damage their property without first having the just compensation for such damage ascertained in the manner provided by the statute. They could have enjoined the State officials and contractor from performing the alleged tortious acts until the damages occasioned thereby had been ascertained and paid. It is well settled that injunction is a proper remedy where public officers, under color of power or claim of right, are illegally attempting to take or injure the property or impair the rights of a citizen. (*Lowery* v. *City of Pekin,* 186 Ill. 387; *Stiles* v. *State,* No. 1380, and cases there cited.)

In the construction of the State bond issue roads the State acts in its governmental capacity—its sovereign capacity— and its acts are not subject to review by this or any other court without its consent. No statute has been enacted in Illinois making the State liable for the negligence of its officers, servants, agents or employees in the construction of these roads and, in the absence of such a statute, this court has no power to declare it liable for such negligence.

The awards are therefore denied and the claims dismissed.